C O P Y

Honorable P. W. Minter
County Attorney
Jim Hogg County
Hebbronville, Texas

Dear Sir:

Opinion No. O-3359-A
Re: Construction of Arts. 1449,
    Penal Code, et seq. relat-
    ing to butchers slaughters.

        We are in receipt of your letter of May 6, wherein
you submit to us questions supplemental to those answered in
our Opinion No. O-3359, addressed to you. Your recent letter
sets out the following statement of facts:

        "A. B. owns and operates a retail grocery
    store, and in connection therewith a retail
    'meat market'. He does not comply with the Arts.
    6904 or 6908, RCS, nor with Arts. 1447 to 1454,
    PC, for the reasons that he does not butcher
    or slaughter animals himself, except as here-
    inafter stated. Because he is not a competent
    judge of an animal on foot for beef purposes,
    he hires C. D., who is a competent judge there-
    of, and has C. D. to file the Butcher's Bond
    required by, and instructs him to comply with
    all of the Articles above cited, which C. D.
    does.

        "At times, A. B. even furnishes C. D. the
    money with which to purchase such animals on
    foot; and at other times A. B. makes a trade
    with E. F., who owes him an account, to credit
    E. F.'s account for a certain sum of money upon
    E. F.'s delivery of an animal on foot to C. D.
    for butchering purposes.

        "But in either instance, all that C. D.
    does is to purchase the animal on foot, (either
    with the cash furnished him by A. B., or with

the credit arranged for between A. B. & E. F.),
butcher and slaughter the same, and deliver
the dressed carcass to A. B. to be cut up and
sold by him in his retail 'meat market'.

"For C. D.'s services, A. B. pays him
either in cash, or a commission, or by parts
of the butchered animal which A. B. cannot use
in his business, such as the head, hide, etc;
but in addition to this C. D. is obligated to
report the purchase and slaughter of such
animal in compliance with his Butcher's Bond,
and the Articles above cited."

Based upon this statement of facts, you ask the following questions:

"1. Under any construction of the above
Statement of Facts, would A. B. be guilty of
violating the provisions of the Articles cited?

"2. Suppose under the above Statement of
Facts that A. B. takes an animal in on account
from E. F., and has C. D. to butcher same and
deliver the dressed carcass to him; but C. D.
fails to make the record and report required
by the above Articles; should both A. B. and
C. D. be prosecuted therefor, or should C. D.
alone be prosecuted therefor."

In our Opinion No. O-3359, we advised you that under
the facts presented in your letter of March 27, the man whom
you described as A. B. was not required to make a bond or to
make regular reports of animals slaughtered to the county commissioners' court as prescribed by Article 6904, et seq., Revised Civil Statutes, and Articles 1447, et seq., Penal Code
of Texas. You have now presented a different fact situation
in which A. B. may be construed to be acting as principal, and
C. D. merely his employee or agent in the slaughtering of
animals. If A. B. is in fact acting as principal, then he
must comply with all the above mentioned statutes relating to
slaughtering, and he may be prosecuted for failing to do so.
Whether A. B. in fact acted as principal in the slaughtering
of the animal under the circumstances enumerated in your second
letter is a question of fact which this department is not authorized to pass upon.

Yours very truly

WRK:RS      APPROVED JUNE 5,    ATTORNEY GENERAL OF TEXAS
            1941         By. S. Walter R. Koch, Assistant
BY S. GROVER SELLERS
FIRST ASSISTANT ATTORNEY GENERAL
                    APPROVED OPINION COMMITTEE
                    BY: S. BWB, CHAIRMAN